**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| WELLCOMEMAT, LLC, | C.A. No. 2:23-cv-483 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| AYLO HOLDINGS S.à r.l., AYLO FREESITES LTD, AYLO PREMIUM, LTD, 9219-1568 QUEBEC, INC., and JARROD BELTRAN, | |
| Defendants. | |

**PLAINTIFF WELLCOMEMAT LLC'S MOTION FOR LEAVE
TO SUPPLEMENT INFRINGEMENT CONTENTIONS**

## <u>TABLE OF CONTENTS</u>

BACKGROUND .............................................................................................................3

     I.     WellcomeMat's Claims and the Aylo's Accused Websites and Functionality ....................................................................................3

     II.     Aylo's Objections and Demands That WellcomeMat Supplement ........................4

     III.    Aylo's Recent Production of Technical Materials ..................................................5

     IV.    Aylo Accuses WellcomeMat of Being an NPE. .....................................................6

     V.     WellcomeMat's Proposed Supplemental Infringement Contentions........................6

ARGUMENT ..................................................................................................................7

     I.     WellcomeMat Diligently Supplemented Its Infringement Contentions. ................8

          A.    WellcomeMat Diligently Supplemented Its Contentions Per Aylo's Request to Include Additional Detail Regarding How Aylo Infringed. .....................................................................................8

          B.    WellcomeMat Diligently Supplemented to Assert Claim 17. ..................10

          C.    WellcomeMat Diligently Supplemented Its P. R. 3-1(f) Position. .....................................................................................13

     II.     WellcomeMat's Supplements Are Important. .......................................................13

     III.    Aylo Will Not Be Unduly Prejudiced by WellcomeMat's Supplements. .....................................................................................14

     IV.    No Continuance is Needed.....................................................................................15

CONCLUSION................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Alacritech Inc. v. CenturyLink, Inc.*,
No. 2:16-CV-00693-JRG-RSP, 2017 WL 3007464 (E.D. Tex. July 14, 2017) ................ 9

*Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*,
No. 2:22-CV-00126-JRG-RSP, 2022 WL 2056188 (E.D. Tex. June 7, 2022)................ 14

*Arigna Tech. Ltd. v. Volkswagen AG*,
No. 2:21-CV-00054-JRG-RSP, 2022 WL 2761288 (E.D. Tex. Jan. 19, 2022)......... *passim*

*Garmin Ltd. v. Tomtom, Inc.*,
No. 2:06-cv-338-LED, 2007 WL 2903843 (E.D. Tex. Oct. 3, 2007).............................. 13

*Greenthread, LLC v. OmniVision Techs., Inc.*,
No. 2:23-CV-00157-JRG, 2024 WL 1744069 (E.D. Tex. Apr. 23, 2024) ...................... 10

*Harris Corp. v. Huawei Device USA, Inc.*,
No. 2:18-cv-00439-JRG, 2019 WL 4247067 (E.D. Tex. Sept. 6, 2019) ..................... 7, 14

*Intell. Ventures II LLC v. FedEx Corp.*,
No. 2:16-CV-00980-JRG, 2019 WL 5784171 (E.D. Tex. Mar. 28, 2019)........................ 7

*Intell. Ventures II LLC v. FedEx Corp.*,
No. 2:16-CV-0980-JRG, 2017 WL 4812436 (E.D. Tex. Oct. 25, 2017)................... 10, 15

*KAIST IP US LLC v. Samsung Elecs. Co.*,
No. 2:16-CV-01314-JRG-RSP, 2018 WL 1806765 (E.D. Tex. Apr. 17, 2018)................ 8

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
No. 2:13-CV-00017-RWS-RSP, 2018 WL 574867 (E.D. Tex. Jan. 26, 2018) .......... 11, 12

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*,
No. 2:22-cv-00282-JRG (Aug. 25, 2023) ........................................................................ 2

*Mediostream, Inc. v. Microsoft Corp.*,
No. 2:08-CV-369-CE, 2010 WL 4118589 (E.D. Tex. Oct. 18, 2010)............................ 12

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
No. 2:07-CV-565-TJW-CE, 2011 WL 2149925 (E.D. Tex. May 5, 2011) ..................... 12

*Motion Games, LLC v. Nintendo Co.*,
No. 6:12-CV-878-RWS-JDL, 2015 WL 1774448 (E.D. Tex. Apr. 16, 2015) ............ 7, 13

*Packet Intelligence LLC v. NetScout Sys.*,
    No. 2:16-CV-230-JRG, 2017 WL 2531591 (E.D. Tex. April 27, 2017) ........................... 8

*Sol IP, LLC v. AT&T Mobility LLC*,
    No. 2:18-cv-00527-RWS-RSP, 2020 WL 10045985 (E.D. Tex. Apr. 23, 2020) .......... 1, 7

*Team Worldwide Corp. v. Acad., LTD*,
    No. 2:19-cv-00092-JRG-RSP, 2020 WL 4601635 (E.D. Tex. Aug. 11, 2020) ................. 7

*Thomas Swan & Co. v. Finisar Corp.*,
    No. 2:13-CV-178-JRG, 2014 WL 12599219 (E.D. Tex. Aug. 11, 2014) .................. 13, 15

*Traxcell Techs., LLC v. AT&T, Inc.*,
    No. 2:17-CV-00718-RWS-RSP, 2018 WL 6329385 (E.D. Tex. Dec. 4, 2018) .............. 15

*Wisk Aero LLC v. Archer Aviation Inc.*,
    No. 3:21-CV-02450-WHO, 2022 WL 5007912 (N.D. Cal. Oct. 4, 2022) ...................... 13

Pursuant to Paragraph 3(A)(i) of the Discovery Order and Rule 3-6(b) of the Local Patent Rules, WellcomeMat LLC respectfully moves for leave to supplement its infringement contentions to (1) add technical detail and one additional claim based on information the Aylo Defendants ("Aylo") first produced to WellcomeMat only ***19 days*** before WellcomeMat served its supplement and (2) reflect the result of the technical analysis that WellcomeMat conducted regarding its own products after Aylo argued on April 15 that WellcomeMat was a non-practicing entity ("NPE").

***First***, WellcomeMat was diligent in supplementing. As shown in Exhibits 1 and 2, the bulk of WellcomeMat's amendments simply add additional detail showing how Aylo's always accused websites infringe U.S. Patent No. 8,307,286 (the "'286 Patent")—information WellcomeMat had no obligation to provide[1] but supplemented to add ***per Aylo's demand***. *E.g*., Ex. 8 at 7 (identifying information it believed to be lacking and demanding that WellcomeMat "immediately seek leave to amend its contentions to include this information"); Ex. 7 at 4-5 (responding to Aylo's demand by stating: "[W]e disagree that our contentions are in any way deficient. Regardless, to moot the issue, we are preparing a supplemental version."). And WellcomeMat could not have been more diligent; it served its supplement ***19 days*** after Aylo made its ***initial*** technical production.

For the same reason, WellcomeMat was diligent in supplementing its contentions to assert dependent Claim 17, which requires a server-side method of "generating, automatically by using the computer system, at least a portion of the set of cue point information." Ex. 10, '286 Patent 55:47-49. WellcomeMat supplemented its contentions to assert that claim (again) only ***19 days*** after Aylo made its ***initial*** technical production and only ***18 days*** after Aylo served interrogatory responses explaining how its artificial intelligence ("AI") system allegedly "automatically" added,

---

[1] As this Court has held, "contentions need ***not*** disclose 'specific evidence nor do they require a plaintiff to prove its infringement case.'" *Sol IP, LLC v. AT&T Mobility LLC*, No. 2:18-cv-00527-RWS-RSP, 2020 WL 10045985, at *1 (E.D. Tex. Apr. 23, 2020).

deleted, and/or modified cue points on the accused websites. Ex. 17 at 17-20, 45-48.

WellcomeMat also was diligent in seeking leave to amend its P. R. 3-1(f) contention to assert that WellcomeMat practices each of the "asserted claim[s]." Specifically, WellcomeMat's products were not at issue until April 15, 2024, when Aylo argued in its motion to stay that WellcomeMat was an NPE. In response, WellcomeMat undertook an investigation to confirm whether it practiced each challenged claim (as WellcomeMat believed it did but had previously undertaken the technical analysis to confirm). Less than 60 days later, WellcomeMat served its supplement on Aylo confirming the result of that investigation.

***Second***, the supplement is important. Not only does it provide additional evidence showing how Aylo infringes, but WellcomeMat provided that information specifically to moot ***Aylo's purported complaints*** regarding WellcomeMat's original contentions, which Aylo claimed did not provide sufficient information in order for it to understand WellcomeMat's theories as to at least some of its accused websites. Order, *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:22-cv-00282-JRG (Aug. 25, 2023), Dkt. 137, at *2 (granting leave to amend contentions in part because "KPN amended its contentions in response to a request from Ericsson to do so, and it amended promptly after receiving new source code productions"). The supplement also is important because it asserts an additional dependent claim based on recently produced evidence and further prevents Aylo from falsely casting WellcomeMat as an NPE.

***Third***, WellcomeMat's supplement does not prejudice Aylo. Certainly, "[t]he fact [that WellcomeMat] amended its infringement contentions inherently means that there are going to be changes in the amended contentions." *Arigna Tech. Ltd. v. Volkswagen AG*, No. 2:21-CV-00054-JRG-RSP, 2022 WL 2761288, at *2 (E.D. Tex. Jan. 19, 2022). But aside from adding a single dependent claim, WellcomeMat's supplement does not change a single theory, much less alter the

scope of discovery. Instead, as explained, the majority of WellcomeMat's amendments simply provide additional detail regarding how WellcomeMat contends Aylo infringes under the same theories already articulated in the original contentions.

And even if WellcomeMat's supplement altered its theories, Aylo cannot claim prejudice here where "the Claim Construction Hearing has not been held yet, fact discovery does not close until Feb. [11], expert discovery does not open until February [18], the Pre-Trial Conference is not until [June 2], and the trial is set for" July 7, ***2025***. *Compare id*. (granting leave where contentions were served 18 weeks and four days before fact discovery closed), *with* Dkt. 37 (DCO). Indeed, ***Aylo will have more than 35 weeks to conduct any discovery it believes necessary to address WellcomeMat's supplement***—almost twice as long as what this Court found sufficient in *Arigna*.

***Fourth***, given the clear lack of prejudice, no continuance is required here. Indeed, Aylo has never even mentioned the need for one.

## BACKGROUND

I.    **WellcomeMat's Claims and the Aylo's Accused Websites and Functionality**

WellcomeMat provides video marketing, distribution, and analytics products and services for the real estate industry and is the owner of the '286 Patent. On October 13, 2023, WellcomeMat filed suit against Aylo and Jarrod Beltran—alleging that they directly and indirectly infringe the '286 Patent. In particular, and as is relevant to this motion, WellcomeMat alleged that Aylo had infringed, and was continuing to infringe, the '286 Patent by, among other things, providing a method or system of remotely adding, removing, and/or modifying cue point information—which Aylo calls "Action Tags"—associated with videos uploaded to Aylo's accused adult-entertainment websites, including Pornhub, Pornhub Premium, YouPorn, YouPorn Premium, RedTube, RedTube Premium, Tube8, Thumbzilla, ModelHub, XTube, Brazzers, MOFOS, Babes.com, Twistys, Men.com, RealityKings.com, and DigitalPlayground.com. Dkt. 25, Am. Compl. ¶ 25;

Ex. 6 (Original Claim Chart) at 3.

Consistent with this Court's orders, WellcomeMat timely served its P. R. 3-1 Infringement Contentions on March 11 ("Original Contentions"). Dkt. 35. In its Original Contentions, WellcomeMat identified each of the websites listed above as accused products and provided a narrative description as to how Aylo's actions with respect to each infringe Claims 13, 14, 15, 18, 19, and 20 of the '286 Patent; WellcomeMat also provided four non-limiting examples of how Aylo infringed—stating that those examples were "representative of how each Accused Product infringes the '286 Patent." *E.g.*, Ex. 6 (Original Claim Chart) at 1, 3, 7-10, 15, 26-29.

## II.    Aylo's Objections and Demands That WellcomeMat Supplement

During venue discovery, WellcomeMat served document and interrogatory requests relating to each of the same accused websites—identifying them as the "Accused Platforms." Ex. 11 at 1-2. On March 14, 2024, Aylo objected to these requests, asserting that "Tube8, Brazzers, MOFOS, Babes.com, Twistys.com, Men.com, Reality Kings, and DigitalPlayground.com do not have or make use of action tags." Ex. 12 at 6; Ex. 13 at 6. Aylo also asserted that it no longer infringed because content partners could no longer add, delete, and/or modify action tags on any of Aylo's other accused websites because—according to Aylo—Aylo had switched on July 7, 2023, to using an AI system to add action tags to videos. Ex. 12 at 6-7; Ex. 13 at 6-7.

Notably, Aylo did not provide any direct evidence to support either assertion. It cited nothing to support the first. In support of the second, Aylo cited a Pornhub article stating that "tags" are added to videos "automatically"—before stating how *users* could manually add, delete, and/or modify action tags. Ex. 14 at 3. In response, on March 26 and April 2, WellcomeMat sent representative screenshots to Aylo showing that its claim that various websites did not use action tags was false. Ex. 8 at 10-11, 17. WellcomeMat also asked Aylo to explain how its representations squared with publicly available Aylo materials that (even today) stated that users can manually

4

add action tags by "[c]lick[ing] on the 'Add Action Tag'" button from the "'Video Manager' page," and then select "the correct tag and click 'Add.'" *Id.* at 18; *see also* Ex. 15 at 16.

During the parties' April 16 meet and confer, Aylo raised a new complaint. Ex. 8 at 5-7. Specifically, more than five weeks after WellcomeMat served its Original Contentions on March 11, Aylo asserted that WellcomeMat did not provide sufficient detail regarding its contentions for 13 of the 17 accused websites. *Id.* Aylo thus demanded that WellcomeMat "immediately seek leave to amend its contentions to include this information." *Id.* at 7.

On April 17, WellcomeMat served a letter on Aylo identifying "documents relevant to this litigation" that should be produced pursuant to the Discovery Order. Ex. 16 at 1. WellcomeMat explicitly requested documents relating to the "Accused Platforms," which it defined as including all the Aylo websites accused in WellcomeMat's Original Contentions. *Id.* at 2. Further, to test Aylo's claim that it did not infringe because it had switched to an AI system, WellcomeMat sought documents relating to that system. *Id.* at 1-2, 4, 11. Aylo did not respond to the letter, much less assert it would withhold discovery based on its view of WellcomeMat's contentions.

## III.    Aylo's Recent Production of Technical Materials

Per the DCO, Aylo's technical materials were due May 6. Dkt. 37 at 4. As set forth in WellcomeMat's May 8 motion to compel, Aylo failed to comply. Dkt. 61. Instead, Aylo waited until May 22 (and after WellcomeMat moved to compel) to begin to produce technical documents and May 30 to begin to make source code available for inspection.[2] Further, WellcomeMat served substantive (non-venue) interrogatories on April 12, to which Aylo first responded on May 23.

---

[2] To be clear, even these disclosures were deficient. For example, Aylo has not produced a single technical document created or modified (per the produced metadata) after September 2020. Aylo also has recently confirmed that it produced no unique source code *for 13* of its 17 accused websites. And Aylo has frustrated WellcomeMat's ability to inspect even those materials Aylo has produced by moving for a protective order to disqualify all *three* of WellcomeMat's technical experts simply because *two* of them were *adverse* to Aylo in a prior *unrelated* matter.

## IV.     Aylo Accuses WellcomeMat of Being an NPE.

When WellcomeMat served its Original Contentions in this matter, it did not expect that its own products would be at issue. As a result, while it believed it practiced its claims (an assertion it stated publicly), it did not undertake an investigation to confirm that fact and thus did not identify any of its actions or products as practicing any "asserted claim" in its P. R. 3-1(f) contention. Circumstances changed on April 15, 2024. On that date, Aylo moved for a stay of this action, arguing in part that its request was justified because WellcomeMat was an NPE. Dkt. 44 at 2 & n.1. WellcomeMat thus immediately undertook a technical investigation to confirm its belief that it practiced a number of the asserted claims. Its supplement reflects the result: WellcomeMat practices each of the asserted claims. Ex. 1 (Redline of Cover Pleading) at 3.

## V.     WellcomeMat's Proposed Supplemental Infringement Contentions.

WellcomeMat served its proposed Supplemental Infringement Contentions on June 10, 2024—11 days after Aylo first made any portion of its source code available for inspection, 18 days after Aylo served its initial (non-venue) interrogatory responses, 19 days after Aylo produced its first technical document, and less than two months after Aylo accused WellcomeMat of being an NPE. Ex. 9 at 11. The only changes in them are (1) additional screenshots and information to clarify which products infringe and how they infringe the asserted claims; (2) a contention that Aylo infringes dependent Claim 17 through its AI system; and (3) a contention that WellcomeMat's products practice each of the asserted claims.

On June 14, Aylo responded—objecting to each supplement:

> Defendants object to these amended infringement contentions. There are several additions that we do not think are warranted, including:
> 1) Assertion of a new claim, claim 17.
> 2) Assertion that WellcomeMat now does have products that practice the claimed invention.
> 3) Charting of websites that were not charted previously.

*Id.* at 10-11. Aylo repeated its position during the parties' June 19 meet and confer but later stated

that it "cannot decide whether we are opposed to your motion for leave to amend based on the current record" and asked a number of questions. *Id.* at 3. Mindful of this Court's desire for parties to promptly raise issues with the Court, and in light of Aylo's ongoing refusal to provide discovery based on its view of WellcomeMat's contentions, WellcomeMat answered those that were relevant[3] and told Aylo to let WellcomeMat know by end of day June 26 whether Aylo opposed WellcomeMat's supplement. *Id.* at 1-2. On June 27, Aylo confirmed it was opposed. *Id.* at 1.

## ARGUMENT

Two principles control here. ***First***, as this Court has held, "contentions need ***not*** disclose 'specific evidence nor do they require a plaintiff to prove its infringement case.'" *Sol IP*, 2020 WL 10045985, at *1. They simply must "provide defendants with notice of infringement beyond that which is provided by the mere language of the patent[s] themselves." *Team Worldwide Corp. v. Acad., LTD*, No. 2:19-cv-00092-JRG-RSP, 2020 WL 4601635, at *2 (E.D. Tex. Aug. 11, 2020).

***Second***, as this Court also has held, it is "'expected that during the course of discovery, infringement contentions may be clarified or refined' based upon information produced during discovery." *Arigna*, 2022 WL 2761288, at *2 (quoting *Harris Corp. v. Huawei Device USA, Inc.*, No. 2:18-cv-00439-JRG, 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019)). Thus, in determining whether to permit amendment beyond adding additional detail, this Court consider four factors: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would

---

[3] For example, Aylo demanded "WellcomeMat's Rule 11 basis for alleging that the 13 [purportedly] uncharted websites infringe when it filed its initial Complaint on October 13, 2023." Ex. 9 at 2, 4, 6. As WellcomeMat told Aylo, that request is improper. "[I]nfringement contentions are not intended to be a forum for adjudicating the merits." *Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-RWS-JDL, 2015 WL 1774448, at *3 (E.D. Tex. Apr. 16, 2015). Indeed, this Court has admonished counsel in other cases for raising Rule 11 as a means to "intimidate [a plaintiff] into withdrawing its contentions. *Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2019 WL 5784171, at *7 (E.D. Tex. Mar. 28, 2019).

be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Packet Intelligence LLC v. NetScout Sys.*, No. 2:16-CV-230-JRG, 2017 WL 2531591, at *1 (E.D. Tex. April 27, 2017). Here, each factor weighs in favor of amendment.

## I.    WellcomeMat Diligently Supplemented Its Infringement Contentions.

### A.    WellcomeMat Diligently Supplemented Its Contentions Per Aylo's Request to Include Additional Detail Regarding How Aylo Infringed.

As described above, the bulk of WellcomeMat's supplement simply provides additional detail in support of WellcomeMat's always asserted theories—detail gleaned predominately from Aylo's ***initial*** May 22 technical production. Such supplementation is entirely proper. Indeed, this Court has held that it is not necessary to supplement contentions to provide such information at all—explaining that a patent holder has no "***obligation*** to supplement [its] contentions to include additional identifying information once known, so if [its] preliminary infringement contentions sufficiently identified the instrumentalities when served, they are sufficient now and the addition of more specific identifying information has no prejudicial effect." *KAIST IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP, 2018 WL 1806765, at *3 (E.D. Tex. Apr. 17, 2018) (emphasis in original). As it also has explained, "'[i]t is expected that during the course of discovery, infringement contentions may be clarified or refined' based upon information produced during discovery." *Arigna*, 2022 WL 2761288, at *2 (citation omitted).

Given such precedent, Aylo has resorted to arguing that WellcomeMat's initial contentions were totally devoid of any assertions regarding any of the accused websites. Not so. As demonstrated below, WellcomeMat always identified each of these websites as infringing:

> For example, the Aylo Defendants operate a number of websites, including Pornhub, Pornhub Premium, YouPorn, YouPorn Premium, RedTube, Redtube Premium, Tube8, Thumbzilla, ModelHub, XTube, Brazzers, MOFOS, Babes.com, Twistys, Men.com, RealityKings.com, and DigitalPlayground.com.

Ex. 6 (Original Claim Chart) at 3. And WellcomeMat thereafter described how Aylo infringed through its actions with respect to each of these platforms/websites—contending (for example) that "***the Aylo Defendants' platforms*** are configured by the Aylo Defendants to enable content partners to apply such tags ***on each of the identified websites***," *id*. at 10, that "***the Aylo Defendants' platforms*** provide the mechanism that the Aylo Defendants use to perform a method for handling such video cue points," *id*. at 14, and that "***the Aylo Defendants' platforms*** are configured such that the remote client terminal can select one of the 'action tag' locations corresponding to the corresponding portion of video data," *id*. at 25. Moreover, to provide additional clarity, WellcomeMat repeatedly provided examples of Aylo's infringement using images from four of Aylo's its accused websites. *Id.* at 7-10, 15, 26-29.

In the face of these disclosures, Aylo has faulted WellcomeMat for not doing enough to support that these exemplary screenshots are representative—likening WellcomeMat's contentions to those in *Alacritech Inc. v. CenturyLink, Inc.*, where the Court faulted the plaintiff for using catch-all language to identify accused products and charting only one of ninety products. *See* No. 2:16-CV-00693-JRG-RSP, 2017 WL 3007464, at *3-4 (E.D. Tex. July 14, 2017). But as WellcomeMat repeatedly explained, its narrative descriptions set forth its theory as to how ***each*** accused website infringes. The images simply provided exemplary proof of such infringement.

Further, once Aylo raised its complaints, WellcomeMat did not sit on its hands but instead immediately provided Aylo with additional exemplary screenshots from other accused websites. Ex. 8 at 10-11, 17. And when Aylo demanded that WellcomeMat supplement its Original Contentions to reflect such information, WellcomeMat agreed and served contentions that reflected ***both*** the information WellcomeMat had provided and the information it gleaned from Aylo's initial technical production that had been made only 19 days earlier, including to reflect

9

that Aylo's accused websites infringe by using "functionality [that] enables its 'Post Production Team' and/or 'tagging team' [who are also known as 'content formatters'] to add, remove, and/or modify automatically generated action tags from the server side of the network." *E.g.*, Ex. 2 (Redline of Supplemental Claim Chart) at 22-23.

In short, even though WellcomeMat had no obligation to amend, WellcomeMat plainly acted diligently in providing the information *Aylo demanded*. *See Greenthread, LLC v. OmniVision Techs., Inc.*, No. 2:23-CV-00157-JRG, 2024 WL 1744069, at *3 (E.D. Tex. Apr. 23, 2024) (granting leave where "[t]he amendments clarif[ied] what products [we]re accused" and "were made in direct response to the conversations between [the parties]"); *Arigna*, 2022 WL 2761288, at *2 (granting leave where plaintiff amended "approximately a month later from when it received the schematic from NXP"); *Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-0980-JRG, 2017 WL 4812436, at *2 (E.D. Tex. Oct. 25, 2017) (granting leave where the plaintiff sought to "amend within a month of Defendants' August 11 production"). Aylo's current opposition to the amendment that it requested WellcomeMat make is nonsensical.

**B.    WellcomeMat Diligently Supplemented to Assert Claim 17.**

As noted, this Court repeatedly has held that "[i]t is expected that during the course of discovery, infringement contentions may be clarified or refined." *Arigna*, 2022 WL 2761288, at *2. This Court thus has granted leave to supplement contentions where, as here, discovery reveals that the defendant's accused products infringe additional claims, so long as the plaintiff diligently supplemented *after* obtaining such information. *Id.*; *Intell. Ventures II*, 2017 WL 4812436, at *2.

That is the case here. As explained, WellcomeMat served its supplement *19 days* after Aylo made its first technical production and *18 days* after Aylo made critical admissions regarding its AI system in its interrogatory responses—evidence that that allowed WellcomeMat to allege that Aylo infringed Claim 17 because "the Accused Products are configured to automatically generate

10

at least a portion of the set of cue point information, including for both Aylo Defendants' Tube Sites and Premium Sites." Ex. 2 (Redline of Supplemental Claim Chart) at 66-67.

In particular, Aylo produced a number of internal confidential documents regarding its AI system(s) with its May 23 interrogatory responses, including ████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████ Ex. 17 (May 23 Response to ROG 18) at 46-47. Aylo also produced an internal confidential document describing *how* such "autotagging" system(s) works—one that WellcomeMat accordingly cites repeatedly in its supplement:

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Ex. 18. Aylo also admitted in its May 23 response that such "artificial intelligence tagging system automatically generated action tags," i.e., what Claim 17 requires. Ex. 17 at 19, 46.

Notably, Aylo does not dispute that it first provided technical documentation regarding its AI system on May 23. Aylo nevertheless argues that WellcomeMat could have supplemented earlier because "public documentation" discloses that "[o]nce the video has been uploaded and has successfully converted, all tags will be added automatically." Ex. 9 at 7-8. Not so. Even where "all information was publicly available"—and here it was not—this Court has granted leave, particularly where the public documents were "confusing" or unclear. *Keranos, LLC v. Silicon*

*Storage Tech., Inc.*, No. 2:13-CV-00017-RWS-RSP, 2018 WL 574867, at *3 (E.D. Tex. Jan. 26, 2018), *objections overruled*, 2018 WL 11446159 (E.D. Tex. Feb. 27, 2018); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565-TJW-CE, 2011 WL 2149925, at *2 (E.D. Tex. May 5, 2011) (granting leave despite "information … be[ing] publicly available"). That is the case here. Certainly, the document Aylo cites refers to "tags"—not "action tags." Ex. 14 at 3. And Aylo itself has argued that "tags" are different from "action tags." Ex. 19 at 15 ("WellcomeMat appears to believe that the word 'tags' in this blog post refers to action tags, which is mistaken and incorrect. Instead, 'tags' refers to video tags…."). Further, the article Aylo cites is contradictory at best. Directly beneath the "tag" language, the article includes a screenshot of Aylo's video manager page showing how users can ***manually*** add and modify action tags. Ex. 14 at 3. This screenshot is also corroborated by Aylo's "Pornhub Playbook"—which as noted discloses and encourages content partners to add such action tags to their videos. Ex. 15 at 16.

Moreover, WellcomeMat cannot be blamed for refusing to simply accept Aylo's unsworn non-infringement representations. Indeed, as noted above, in the same breadth in which it claimed it now used an AI system, Aylo told WellcomeMat that several of its premium sites do not even use action tags—a representation that was demonstrably false. Ex. 8 at 10-11, 17. Given this history, WellcomeMat thus was more than entitled to wait for Aylo to produce its technical discovery so that WellcomeMat could evaluate its claims for itself.

Accordingly, Aylo has no one but itself (and its late production) to blame for the timing of WellcomeMat's supplement. As courts have held, a party cannot claim undue delay when it "created, at least in part, the problem." *Mondis*, 2011 WL 2149925, at *2; *see also Mediostream, Inc. v. Microsoft Corp.*, No. 2:08-CV-369-CE, 2010 WL 4118589, at *3 (E.D. Tex. Oct. 18, 2010) (explaining that "prejudice suffered by [the non-movant] is a result of its own slow production.").

In sum, WellcomeMat was diligent in supplementing its contentions to assert Claim 17.

### C.    WellcomeMat Diligently Supplemented Its P. R. 3-1(f) Position.

As explained, WellcomeMat's original contentions did not assert that it practiced any asserted claim because, when its P. R. 3-1(f) position was due, WellcomeMat had not yet undertaken an investigation of that point because it did not believe its products to be at issue. Also as explained, those circumstances changed on April 15 when Aylo accused WellcomeMat of being an NPE. Immediately thereafter, WellcomeMat investigated its products to confirm its belief that it did in fact practice the asserted claims. And it promptly provided Aylo with the results of that investigation on June 10—confirming that WellcomeMat did in fact practice all asserted claims through those products. Such investigation and subsequent amendment was diligent. *See Wisk Aero LLC v. Archer Aviation Inc.*, No. 3:21-CV-02450-WHO, 2022 WL 5007912, at *4 (N.D. Cal. Oct. 4, 2022) (explaining that "two-month delay" was nevertheless diligent).

## II.    WellcomeMat's Supplements Are Important.

The second factor (importance of the amendment) likewise weighs in favor of amendment. The first category of supplementation is important because it "provides additional information about how the accused products work." *Garmin Ltd. v. Tomtom, Inc*., No. 2:06-cv-338-LED, 2007 WL 2903843, at *7 (E.D. Tex. Oct. 3, 2007); *Arigna*, 2022 WL 2761288, at *2 (agreeing that amendments providing more detail about plaintiff's infringement theory were "important"); *Motion Games*, 2015 WL 1774448, at *3 (same).

Further, as explained, aside from asserting Claim 17, WellcomeMat's supplement do not introduce new infringement theories. To the extent Aylo argues otherwise, that would only further establish their importance. *See, e.g., Thomas Swan & Co. v. Finisar Corp.*, No. 2:13-CV-178-JRG, 2014 WL 12599219, at *2 (E.D. Tex. Aug. 11, 2014) (holding that amendment relating to "an alternate means to prove infringement" is "undoubtedly important"). Such precedent likewise

establishes that WellcomeMat's supplement to assert Claim 17 is important. *Harris Corp.*, 2019 WL 4247067, at *3; *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 2:22-CV-00126-JRG-RSP, 2022 WL 2056188, at *2 (E.D. Tex. June 7, 2022).

Finally, WellcomeMat's supplementation of its P. R. 3-1(f) position also is important as Aylo has demonstrated that it intends to argue (incorrectly) that WellcomeMat is an NPE. Dkt. 44 at 2 & n.1. WellcomeMat thus is entitled to combat that false narrative.

### III.    Aylo Will Not Be Unduly Prejudiced by WellcomeMat's Supplements.

The third factor (prejudice) likewise supports WellcomeMat's position. In addressing this factor, this Court has explained that "the issue is not whether changes exist, but whether those changes prejudice the Defendants." *Arigna*, 2022 WL 2761288, at *2. Here they do not.

Indeed, when pressed on this point, the only prejudice Aylo identified concerned WellcomeMat's supplementation of its P. R. 3-1(f) position, explaining that "being able to now rely on these products, when WellcomeMat could not previously, is prejudicial." Ex. 9 at 9. But as *Arigna* proves, change alone does not constitute prejudice. 2022 WL 2761288, at *2.

Nor does Aylo's complaint make sense as a practical matter. As explained, there are ***more than 35 weeks left in the fact discovery period***—more than enough time for Aylo to conduct discovery on this point. Moreover, Aylo has argued that "WellcomeMat must produce materials related to its products" regardless of WellcomeMat's amendment, claiming "such materials are doubtlessly related to the issue of damages." Ex. 9 at 9. WellcomeMat promptly agreed to produce such materials (including WellcomeMat source code). Further, Aylo subsequently served interrogatories on June 21 seeking information about the functionality (and profitability) of WellcomeMat products dating back to 2002. Ex. 20 at 3, 9-10, 12-13.

Further, there is reason Aylo has not claimed any other prejudice: none exists. WellcomeMat's supplement accuses no new products; it simply "add[s] specificity and detail to

contentions concerning previously identified accused products, and [thus] will not prejudice Defendants." *Thomas Swan*, 2014 WL 12599219, at \*2 (brackets and quotation omitted). It also does not alter the scope of discovery. For example, Aylo's technical materials and source code relating to its AI system(s) are relevant regardless of WellcomeMat's supplements because **Aylo** has pointed to them as non-infringement proofs. Likewise, as explained, Aylo has demanded discovery regarding WellcomeMat's products regardless of its P. R. 3-1(f) position.

Moreover, Aylo has plenty of time "to complete discovery" relating to WellcomeMat's supplement. *See Traxcell Techs., LLC v. AT&T, Inc.*, No. 2:17-CV-00718-RWS-RSP, 2018 WL 6329385, at \*2 (E.D. Tex. Dec. 4, 2018) (finding little prejudice where the trial was "under 11 months away" and claim construction was several months' away). As Aylo argued in the motion to stay in April, "[t]his case is still in its very early stages," with "[t]he *Markman* hearing … not until January 17, 2025, and jury selection … not until July 7, 2025." Dkt. 44 at 3. Indeed, "discovery has not closed and the exchange of expert reports is still" more than **36 weeks away**. *Cf. Intell. Ventures II*, 2017 WL 4812436, at \*3 (granting leave where "discovery has not closed and the exchange of expert reports is still months away").

## IV. No Continuance is Needed.

Finally, given the lack of prejudice to Aylo, a continuance is not warranted. Indeed, Aylo has never suggested the need to continue a single deadline as a result of WellcomeMat's supplement. *Arigna*, 2022 WL 2761288, at \*3 (holding that factor weighed in favor of granting leave to amend where "there has been no request for a continuance").

## CONCLUSION

For the reasons explained above, the Court should grant WellcomeMat's Motion for Leave to Supplement its Infringement Contentions and treat the proposed Supplemental Infringement Contentions that WellcomeMat served on June 10, 2024, as its operative contentions.

Date: June 27, 2024                          Respectfully submitted,

                                             */s/Andres C. Healy*
                                             Andres C. Healy
                                             Washington State Bar No. 45578
                                             ahealy@susmangodfrey.com
                                             Matthew R. Berry
                                             Washington State Bar No. 37364
                                             mberry@susmangodfrey.com
                                             John Schiltz
                                             Washington State Bar No. 48973
                                             jschiltz@susmangodfrey.com
                                             SUSMAN GODFREY L.L.P.
                                             401 Union Street Suite 3000
                                             Seattle, WA 98101-2683
                                             Telephone: (206) 505-3880
                                             Facsimile: (206) 516-3883

                                             George R. El-Khoury
                                             New York State Bar No. 5898358
                                             gel-khoury@susmangodfrey.com
                                             SUSMAN GODFREY L.L.P.
                                             1301 Avenue of the Americas, 32nd Floor
                                             New York, NY 10019
                                             Telephone: (212) 336-8330
                                             Facsimile: (212) 336-8340

                                             Claire Abernathy Henry
                                             Texas State Bar No. 24053063
                                             claire@wsfirm.com
                                             WARD, SMITH & HILL, PLLC
                                             1507 Bill Owens Parkway
                                             Longview, TX 75604
                                             Phone: (903) 757-6400
                                             Facsimile: (903) 757-2323

                                             *Attorneys for WellcomeMat, LLC*

███████████████████████████████████

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on all counsel of record via email on June 27, 2024.

*/s/Andres C. Healy*
Andres C. Healy

███████████████████████████████████

████████████████████████████████████████

██████████████████████████████

███████████████
███████████

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies pursuant to Local Rule CV-7(h) that the Parties had a lead and local meet and confer on June 19, 2024, by zoom, and met and conferred by email, and the relief requested in this motion is opposed.

*/s/Andres C. Healy*
Andres C. Healy

17