# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WELLCOMEMAT, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> AYLO HOLDINGS S.à r.l., AYLO FREESITES LTD, AYLO PREMIUM, LTD, 9219-1568 QUEBEC, INC., and JARROD BELTRAN, <br><br> *Defendants*. | C.A. No. 2:23-cv-483-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS AYLO HOLDINGS S.A.R.L., AYLO FREESITES LTD, AYLO PREMIUM LTD, AND 9219-1568 QUEBEC, INC. OBJECTIONS AND RESPONSES TO PLAINTIFF WELLCOMEMAT'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-5)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, and Magistrate Judge Roy S. Payne's Order Granting Motion for Venue Discovery (Dkt. No. 24), Defendants Aylo Holdings S.à r.l., Aylo Freesites Ltd, Aylo Premium Ltd, and 9219-1568 Quebec, Inc. (collectively, "Defendants") hereby provide responses and objections to Plaintiff WellcomeMat, LLC's ("WellcomeMat") First Set of Requests for Production ("Requests")

**PRELIMINARY STATEMENT**

Defendants make the following responses in good faith after diligent inquiry into the facts, documents, and information presently available and specifically known to Defendants. Because Defendants' investigation, research, and analysis of the documents, facts, and information relating to this case is ongoing, it is likely that additional facts, documents or information will be disclosed

responded accordingly, while preserving the objection as to vagueness, ambiguity, indefiniteness, and unintelligibility.

11. Defendants object to each Definition, Instruction, and Request to the extent that it seeks information that: (a) is not within Defendants' possession, custody, or control; (b) would require Defendants to go beyond a diligent search of the files where information responsive to these Requests would reasonably be expected to be found; (c) is publicly available; (d) is equally accessible to Plaintiff; (e) has been made available to Plaintiff; or (f) is more appropriately or conveniently obtainable from other parties to this action or from third parties.

12. Defendants object to Plaintiff's Definition of the term "Accused Platforms" and to any Interrogatory incorporating this term, to the extent that it is overly broad and unduly burdensome as it purports to impose burdens or requirements upon Defendant that exceed or differ from those permitted by Federal Rule of Civil Procedure 26, particularly insofar as the Definitions purport to require the production of documents, information, or testimony concerning websites that are irrelevant to this action and/or no longer exist. ModelHub ceased operating on or about January 10, 2024 and Xtube ceased operating on or about September 5, 2021. Further, Tube8, Brazzers, MOFOS, Babes.com, Twistys.com, Men.com, Reality Kings, and DigitalPlayground.com do not have or make use of action tags. Defendants further object that Content Partners cannot and have never been able to "modify" Action Tags on any sites; this functionality has never existed on any of the Accused Platforms or in, for example, the Pornhub website's Video Manager. In fact, since July 7, 2023, it is no longer possible to manually add or delete action tags on the Accused Platforms because this functionality has been removed from the Pornhub website's Video Manager (*i.e.*, the "Add Action Tag" tab has been completely removed from the Video Manager). As such, since July 7, 2023 Content Partners cannot add or delete action

tags on any sites, as this feature has been disabled and removed. Action tags are instead automatically generated by an artificial intelligence system that has been in existence and operating on the Accused Platforms since at least February 2019. *See* https://help.pornhub.com/hc/en-us/articles/4419860542483-Video-Tags ("Once the video has been uploaded and has successfully converted, all tags will be added automatically."); https://www.pornhub.com/press/show?id=1362 ("Pornhub, the premiere online destination for adult entertainment, today announced the launch of an Artificial Intelligence (AI) powered model that detects over 10,000 pornstars in videos using computer vision. . . . Within the next year, Pornhub plans on scanning all 5 million videos currently on its platform and will also start scanning for category and tag detection in the videos. . . . Furthermore, the model will also be able to detect various sex positions and be able to properly tag them."). Moreover, the term "video cue point information" and "cue point" are undefined, vague, and ambiguous and Defendants object to the use of these terms and Plaintiff's attempt to define the Accused Platforms using language from the asserted claims.

13. Defendants object to Plaintiff's Definition of the terms "Aylo," "Defendant," "You," and "Your," and to any Request incorporating these terms, to the extent that they are unduly broad and purport to impose burdens or requirements upon Defendants that exceed or differ from those permitted by Federal Rule of Civil Procedure 26. Defendants particularly object to such definition insofar as the definitions purport to compel Defendants to collect or produce documents or provide information from parties from whom Defendants have no right or obligation to collect documents. Defendants also particularly object to such definition insofar as it includes "anyone acting or purporting to act on their behalf or under their control," as this is vague and ambiguous, overly broad and unduly burdensome, and to the extent that it seeks to compel Defendants to

7