# EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| WELLCOMEMAT, LLC,<br><br>　　*Plaintiff*,<br><br>v.<br><br>AYLO HOLDINGS S.à r.l., AYLO FREESITES LTD, AYLO PREMIUM LTD, 9219-1568 QUEBEC, INC., and JARROD BELTRAN,<br><br>　　*Defendants*. | C.A. No. 2:23-cv-483-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS AYLO HOLDINGS S.A.R.L., AYLO FREESITES LTD, AYLO PREMIUM LTD, AND 9219-1568 QUEBEC, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF WELLCOMEMAT'S FIRST SET OF INTERROGATORIES (NOS. 1-23)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas, Defendants Aylo Holdings S.à r.l., Aylo Freesites Ltd, Aylo Premium Ltd, and 9219-1568 Quebec, Inc. (collectively, "Defendants") hereby provide responses and objections to Plaintiff WellcomeMat, LLC's ("WellcomeMat") First Set of Interrogatories (Nos. 1-23) ("Interrogatories").

**PRELIMINARY STATEMENT**

Defendants make the following responses in good faith after diligent inquiry into the facts, documents, and information presently available and specifically known to Defendants. Because Defendants' investigation, research, and analysis of the documents, facts, and information relating to this case is ongoing, it is likely that additional facts, documents or information will be disclosed or add meaning to already known facts, documents, or information. Discovery,

Defendants further object to this Interrogatory as vague and ambiguous with respect to the phrase "any actions You took in response to or as a result of each communication" because it is not clear what information Plaintiff seeks.

Defendants further object to this Interrogatory as overly broad and unduly burdensome with respect to the phrase "Identify and explain each communication" because it seeks to require Defendants to identify and explain *each* communication. Also, Defendants object to this Interrogatory to the extent it seeks information duplicative of any other interrogatories, *e.g.*, Interrogatory No. 1.

Subject to and without waiving the foregoing General and Specific Objections, and after reasonable investigation, Defendants respond as follows:

Defendants are not currently aware of any non-privileged communications with Person(s) other than outside counsel or experts that Defendants retained for This Litigation regarding WellcomeMat, This Litigation, the Patent-in-Suit, and/or any Named Inventor.

Discovery is ongoing and Defendants reserve the right to amend and/or supplement this response, as well as identify documents under Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 3:** Identify all of Your web sites that have used Action Tags or cue points from October 13, 2017, to the present, including in Your answer (a) when each web site began using Action Tags or cue points; (b) if You contend a web site stopped using Action Tags or cue points, when the web site stopped using Action Tags or cue points; (c) whether an Aylo Administrator, a Content Partner, or a User of the web site have or had the ability to add, remove, and/or modify such Action Tags or cue points; and (d) the process for and devices and/or instrumentalities used in adding, removing, and/or modifying Action Tags or cue points.

**RESPONSE**

Defendants incorporate their objections to the Definitions of "Action Tags," "Your," "Aylo Administrator," Content Partner" and "User" as set forth in the General Objections set paragraphs 12, 13, 14, 15, and 16 as if fully set forth herein.

Defendants object to this Interrogatory as overly broad and unduly burdensome with

17

respect to the term "all Your web sites" at least because the issue of infringement is Plaintiff's burden, not Defendants, and this Interrogatory seeks to shift the burden of identifying allegedly infringing websites to Defendants. Defendants' websites are publicly available and it is Plaintiff's burden to investigate and make its own identification of allegedly infringing websites. As such, Defendants will understand "all Your web sites" to mean the Accused Platforms, subject to Defendants' objections.

Defendants further object to this Interrogatory as vague and ambiguous with respect to the term "cue points" because it is unclear what it means in this context and to the extent that Plaintiff is using language from the asserted claims without explanation as to what this language means.

Subject to and without waiving the foregoing General and Specific Objections, and after reasonable investigation, Defendants respond as follows:

The Pornhub, Redtube, YouPorn, and Thumbzilla websites support action tags. Starting in approximately July 2015, content partners and models were able to manually create action tags through the Pornhub website's Video Manager. As of July 7, 2023, it is no longer possible to manually create action tags on the Pornhub, Redtube, YouPorn, and Thumbzilla websites because this functionality has been removed from the Pornhub website's Video Manager.

[redacted]

An artificial intelligence system has been used to add action tags to the Pornhub, Redtube,

18

YouPorn, and Thumbzilla websites since approximately ▆▆▆▆▆▆▆▆ When it was still possible for content partners and models to manually create action tags, if the uploader did not do so (which was usually the case; see below), then ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Prior to July 7, 2023, the Pornhub Video Manager appeared as below, with an "Add Action Tags" tab that could be accessed by a content partner or model to create action tags:



As of July 7, 2023, the "Add Action Tags" tab (and related interfaces) has been removed from the Pornhub Video Manager and content partners and models can no longer add, delete, or modify action tags, as shown below:





The decision to remove manual creation of action tags was made after reviewing data for the Pornhub website that indicated that as of March 31, 2023, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆

19



In short, the decision to remove manual creation of action tags was based on the effectiveness of the artificial intelligence tagging system for creating action tags as compared to the general lack of interest by content partners and models in manually creating action tags.

Discovery is ongoing and Defendants reserve the right to amend and/or supplement this response, as well as identify additional documents under Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 4:** Identify each system, product, method, or process that You have made, used, sold, and/or offered for sale in the United States that meets the definition of the Cue-Point Method(s) or System(s) above, including in Your answer (a) each code name, internal name, project name, trade name, marketing name, part number, version number and any other designation used in connection with each such system, product, method, or process; and (b) the date and location it was first made, used, sold, and/or offered for sale; if Aylo's response to this interrogatory does not include each and every Accused Platform identified above and listed in WellcomeMat's Amended Complaint, explain Aylo's basis for not including that Accused Platform in its answer to this Interrogatory.

**RESPONSE:**

Defendants incorporate their objections to the Definitions of "Accused Platforms," "You," and "Cue Point Method(s) or System(s)" as set forth in the General Objections paragraphs 11, 17, and 19 as if fully set forth herein.

Defendants further object to this Interrogatory as vague and ambiguous because it is unclear what the terms "system," "product," "method," and "process" mean in this context. Moreover, it is unclear what the terms "code name," "internal name," "project name," "trade name," and "marketing name" mean in this context.

20

definition of "Accused Platform" set forth in the General Objections. *See* Defendants' objection to the Definition of "Accused Platforms" set forth in paragraph 11.

Defendants object to this Interrogatory to the extent it seeks information duplicative of any other interrogatories, *e.g.*, Interrogatory Nos. 3-5.

Defendants further object to this Interrogatory as vague and ambiguous with respect to the phrase "directly or indirectly relying on" because it is unclear what this means in this context.

Defendants further object to this Interrogatory as overly broad, unduly burdensome, and not relevant to any claim or defense as it fails to specify a temporal limit for the response.

Subject to and without waiving the foregoing General and Specific Objections, and after reasonable investigation, Defendants respond as follows:

Defendants are willing to meet and confer with Plaintiff to determine the scope and character of relevant, non-privileged information responsive to this request.

**INTERROGATORY NO. 18:** Identify and describe in detail any method or system that automatically, or through the use of artificial intelligence or machine learning, adds, removes, and/or modifies Action Tags or cue points related to video content that is uploaded on any website owned, controlled, and/or administered by You, including in Your answer (a) the identity of the Person(s) who invented or conceived such method or system; (b) the date(s) such method or system was implemented or used on each of Your web sites; and (c) whether an Aylo Administrator, or Content Partner, or a User of the web site may remove and/or modify Action Tags or cue points that were initially added by such method of system.

**RESPONSE:**

Defendants incorporate their objections to the Definitions of "Accused Platforms, "Action Tags," "Your," "Aylo Administrator," "Content Partner," "User" and "Person(s)" as set forth in the General Objections paragraphs 11, 12, 13, 14, 15, 16, and 19 as if fully set forth herein.

Defendants further object to this Interrogatory to the extent it seeks information that is not obtainable by means of a reasonably diligent search, including information that is not maintained by the Defendants in the normal course of business or that is no longer maintained by Defendants.

45

Defendants further object to this Interrogatory as vague and ambiguous with respect to the term "Your web sites." Defendants will understand "Your web sites" to mean to mean "Accused Platforms" and incorporate all objections to the definition of "Accused Platforms" set forth in the General Objections. *See* Defendants' objection to the Definition of "Accused Platforms" set forth in paragraph 11.

Defendants object to this Interrogatory to the extent it seeks information duplicative of any other interrogatories, *e.g.*, Interrogatory No. 3.

Subject to and without waiving the foregoing General and Specific Objections, and after reasonable investigation, Defendants respond as follows:



Defendants identify AYLO0049107, AYLO0049093- AYLO0049105, AYLO0049108-AYLO0049171, AYLO0048988-AYLO0049089, and Defendants' production of source code for the artificial intelligence system under Federal Rule of Civil Procedure 33(d) as containing information relevant to this Interrogatory.



Discovery is ongoing and Defendants reserve the right to amend and/or supplement this response, as well as identify additional documents under Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 19:** Identify and describe all agreements in which You granted, or in which others granted You, any license or covenant rights under any patents that (a) concern any Cue-Point Method(s) or System(s) and/or (b) are relevant to the determination of any damages in This Litigation, and identify all Person(s) having personal knowledge of the information set forth in Your response

**RESPONSE:**

Defendants incorporate their objections to the Definitions of "You," "Cue-Point Method(s) or System(s)," and "Person(s)" as set forth in the General Objections paragraphs 13, 17, and 19 as if fully set forth herein.

Defendants further object to this Interrogatory to the extent it seeks information that is not obtainable by means of a reasonably diligent search, including information that is not maintained by the Defendants in the normal course of business or that is no longer maintained by Defendants. Defendants further object to this Interrogatory to the extent that it seeks disclosure of confidential, proprietary, and trade secret information received from a third-party under a non-disclosure agreement or third-party information that is otherwise commercially sensitive.

47

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2024, I caused a true and correct copy of the foregoing document to be served all counsel of record via e-mail, pursuant to the Federal Rules of Civil Procedure.

*/s/ Frank M. Gasparo*_____
Frank M. Gasparo
