# EXHIBIT 20

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| WELLCOMEMAT, LLC,<br><br>     *Plaintiff*,<br><br>v.<br><br><br>AYLO HOLDINGS S.à r.l., AYLO FREESITES LTD, AYLO PREMIUM LTD, 9219-1568 QUEBEC, INC., and JARROD BELTRAN,<br><br>     *Defendants*. | C.A. No. 2:23-cv-483-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS AYLO HOLDINGS S.À R.L., AYLO FREESITES LTD,
AYLO PREMIUM LTD, AND 9219-1568 QUEBEC, INC.'S FIRST SET OF
<u>INTERROGATORIES (NOS. 1-17) TO PLAINTIFF WELLCOMEMAT, LLC</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas, Defendants Aylo Holdings S.à r.l., Aylo Freesites Ltd, Aylo Premium Ltd, and 9219-1568 Quebec, Inc. (collectively, "Defendants") hereby request that Plaintiff WellcomeMat, LLC answer the following interrogatories in accordance with those rules and the Definitions and Instructions below.  The requested answers must be answered separately, provided in writing and fully under oath, within thirty (30) days of the service of this request.

Sterner, Haider Zainy, and/or Philip Thomas DiGiulio that is directed to similar subject matter as the Patent-in-Suit.

9.     "WellcomeMat Product(s)," as used herein, shall mean all versions, revisions, and modifications of any Product developed or designed by or on behalf of WellcomeMat, from 2002 to present, whether kept internal to WellcomeMat or released, distributed, or otherwise made available to the public or a third party, including any software, source code, application programming interface (API), software development kit (SDK), application, website, video player, video library, toolset, analytics dashboard, service, demonstration, user interface, database, or other technology, relating to or incorporating (i) video chaptering that relies on cue points; (ii) data associated with a video that provides information about the contents of specific points in, or aspects of, the video; (iii) video chaptering that allows video editors and/or content creators and owners to catalogue, order, and/or modify cue points remotely without modifying or otherwise disturbing an associated video file; and (iv) video chaptering that enables users to find, watch, and/or share desired portions of a video and/or search for relevant content (as described in ¶44 of the Amended Complaint).  For the avoidance of doubt, as of the date of service of these Interrogatories, the WellcomeMat Product(s) includes WellcomeMat Enterprise; WellcomeMat Pro; WellcomeMat Professional; WellcomeMat Pro-Classic; and WellcomeMat Filmmaker.

10.     "Asserted Claim(s)," as used herein, shall mean each claim of the Asserted Patent that You contend has been infringed by the Defendants in this action.  For the avoidance of doubt, as of the date of service of these Interrogatories, the Asserted Claims include claims 13, 14, 15, 17, 18, 19, and 20 of the '286 Patent.

11.     "Accused Website(s)," as used herein, shall mean each website, portion of a website, or any of Defendants' Products that You contend infringes any claim of the Asserted

# INTERROGATORIES

## INTERROGATORY NO. 1

Separately, for each Asserted Claim of the Asserted Patent, identify the date of conception, the dates of any subsequent diligence until reduction to practice, and the date of actual reduction to practice and/or the date of constructive reduction to practice, and state in detail all facts supporting each such date, including a description of the supporting events that occurred on each such date and the individuals involved (whether Named Inventors or other Persons), and identify any corroborating Documents, Things, and witnesses.

## INTERROGATORY NO. 2

For each claim of the Asserted Patent, identify and describe all bases for Your contention that Frederick Albrecht is not an inventor of that claim and that the only inventors of that claim are the Named Inventors, including why the work performed by Frederick Albrecht on behalf of WellcomeMat was not inventive, all Documents and Things provided to Frederick Albrecht by WellcomeMat that indicate that the Named Inventors were already in possession of each claim of the Asserted Patent and that all work Frederick Albrecht performed on behalf of WellcomeMat was done in accordance with those Documents and Things, why Christian Sterner believed that Frederick Albrecht "[has] to sign a document assigning this thing to WellcomeMat" (WM-AYLO_00000080), and all facts supporting the statements "He [*i.e.*, Frederick Albrecht] did not contribute to the idea of the invention in any way" (WM-AYLO_00000369); and "I can honestly say that I know of nothing that he contributed to the idea of how this thing would work" (WM-AYLO_00000369), and identify any corroborating Documents, Things, and witnesses.

## INTERROGATORY NO. 3

For each prior art reference that WellcomeMat or the Named Inventors were aware of prior to or during prosecution of the Asserted Patent, including United States Patent Nos. 6,948,128; 5,867,155; 6,834,083; 6,721,703; 6,681,043; 6,674,955, 6,476,826; 6,005,678; and 5,684,716 (as identified in WM-AYLO_00001035), provide your complete explanation for why WellcomeMat, the Named Inventors, and those involved in prosecution of the Asserted Patent did not disclose the reference to the United States Patent and Trademark Office (USPTO) during prosecution of the Asserted Patent, including whether the reference was provided to those involved in prosecution of the Asserted Patent, a complete explanation for each claim of the Asserted Patent of why You contend the reference was not material to patentability of the claim, why You contend the reference was cumulative of the art that was already before the USPTO, and why You contend the USPTO would have allowed the claim had it been aware of the reference, and identify any corroborating Documents, Things, and witnesses.

## INTERROGATORY NO. 4

Identify each version, revision, or modification of each WellcomeMat Product developed by or on behalf of WellcomeMat from 2002 to present, and for each such version, revision, or modification of the WellcomeMat Product, describe all facts relating to its design and development, including the identity of the individuals who designed or developed it and each individual's contribution, the

dates of such design and development, the features and functionalities of the WellcomeMat Product, including, any feature or functionality related to video upload, adding video chapters and/or cue points to video, editing video chapters and/or cue points, selecting video chapters and/or cue points, and streaming video, and when the WellcomeMat Product was first sold, offered for sale, or disclosed, demonstrated, displayed, or otherwise communicated to the public or to any third party in the United States, and identify any corroborating Documents, Things, and witnesses.

**INTERROGATORY NO. 5**

Identify each Product that at any time embodied or practiced any Asserted Claim of the Asserted Patent, which was made, used, sold, offered for sale, or imported by or on behalf of WellcomeMat, any Named Inventor to the Asserted Patent, or any licensee of the Asserted Patent, and for each such Product identify each Asserted Claim that it has ever embodied or practiced and describe, on a limitation-by-limitation basis, all facts demonstrating that the Product embodied or practiced the Asserted Claim, and identify any corroborating Documents, Things, and witnesses.

**INTERROGATORY NO. 6**

Describe with particularity any offers to purchase, valuations of or attempts to value the Asserted Patent (whether individually or as part of a portfolio or other collection of assets or services), including without limitation any internal or external discussions, negotiations, offers, correspondence, opinions, studies, analyses, reports and/or memoranda relating to the value of the Asserted Patent (whether individually or as part of a portfolio or other collection of assets or services) and the identity of each Person with knowledge thereof, and identify any corroborating Documents, Things, and witnesses.

**INTERROGATORY NO. 7**

For each Asserted Claim that You accuse Defendants of indirectly infringing, describe in detail the facts that support such accusation, including the identity of any third party that You contend has directly infringed the Asserted Claim; on a limitation-by-limitation basis, the acts of the third party that You contend constitute direct infringement of each Asserted Claims; and each of Defendants' actions that You contend have induced or contributed to the third party's direct infringement, and identify any corroborating Documents, Things, and witnesses.

**INTERROGATORY NO. 8**

Separately for each Asserted Claim, to the extent You contend that any Objective Evidence of Non-Obviousness supports Your position that the Asserted Claim is not invalid, identify and describe all facts supporting such contention and identify the three persons most knowledgeable concerning each fact. For the purposes of this Interrogatory, "Objective Evidence of Non-Obviousness" means and includes any objective indicia or secondary considerations of non-obviousness that are within the scope of the four Graham factors (*see Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17–18 (1966)), as interpreted by the United States Supreme Court and the United States Court of Appeals for the Federal Circuit.

'action tag.'" (First Supplemental Infringement Contentions at 39)), and identify all corroborating Documents, Things, and witnesses.

## INTERROGATORY NO. 13

Identify and describe all bases for Your contention that Defendants' alleged infringement of the Asserted Patent has been willful, including how Defendants' alleged infringement has been deliberate or intentional, and explain when You contend Defendants first knew of the Asserted Patent, when You contend Defendants first knew or should have known of their alleged infringement, and why You contend Defendants had no reasonable basis to believe that they did not infringe and/or that the Asserted Patent was invalid, and identify all corroborating Documents, Things, and witnesses.

## INTERROGATORY NO. 14

Identify and describe each and every Document, Thing, and witness that You contend supports the allegations You made in the Amended Complaint that WellcomeMat had, prior to filing the Litigation, put Defendants on notice of infringement of the Asserted Patent, including the statement "While complying with Aylo's informational requests and demands, WellcomeMat put Aylo on notice that Aylo was violating the '286 Patent through the video chaptering features of its popular adult entertainment platform, Pornhub" (Paragraph 6 of the Amended Complaint) and each statement in the "Notice" Section of the Amended Complaint (Paragraphs 68-76) (including "At some point during the April 9 call, Sterner pointed out that Aylo was also violating WellcomeMat's intellectual property, including the '286 Patent. Sterner asked Cricco-Lizza whether Aylo would negotiate for a license to WellcomeMat's intellectual property, including the '286 Patent" (Paragraph 74 of the Amended Complaint)), and explain in full how WellcomeMat contends it put Defendants on notice of infringement of the Asserted Patent.

## INTERROGATORY NO. 15

For each Accused Website, identify when WellcomeMat obtained a membership or login credential to the Accused Website, and identify all corroborating Documents, Things, and witnesses.

## INTERROGATORY NO. 16

Identify all Persons, including employees, consultants, and companies, who have performed work, including work relating to engineering, IT, programming, designing, developing, production, video, social media, advertising, marketing, sales, communications, and advising, for or on behalf of WellcomeMat relating to the WellcomeMat Product, from WellcomeMat's founding to present, and describe with particularity what work the Person performed, the dates the Person performed the work, and the Person's last known contact information, and identify all corroborating Documents, Things, and witnesses.

## INTERROGATORY NO. 17

Describe in detail Your monthly sales, revenue, expenses, costs, and profit data relating to each of the WellcomeMat Products from October 13, 2017, to the present.

Dated: June 21, 2024                                    Respectfully submitted,

OF COUNSEL:

_/s/ Ralph A. Dengler_
Ralph A. Dengler

Frank M. Gasparo
New York State Bar No. 2939833
FMGasparo@Venable.com
Ralph A. Dengler
New York State Bar No. 2796712
RADengler@Venable.com
Jonathan M. Sharret
New York State Bar No. 5082276
JMSharret@Venable.com
J. Daniel Kang (_pro hac vice_)
JDKang@Venable.com
Venable LLP
151 W. 42nd Street
49th Floor
New York, NY 10036
(212) 307-5500

Melissa R. Smith
melissa@gillamsmithlaw.com
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
T: (903) 934-8450
F: (903) 934-9257

_Attorneys for Defendants Aylo Holdings S.à r.l.,_
_Aylo Freesites Ltd, Aylo Premium Ltd, and_
_9219-1568 Quebec, Inc._

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2023, I caused a true and correct copy of the foregoing document to be served all counsel of record via e-mail, pursuant to the Federal Rules of Civil Procedure.

*/s/ Ralph A. Dengler*
Ralph A. Dengler