# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WELLCOMEMAT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AYLO HOLDINGS S.à r.l., AYLO FREESITES LTD, AYLO PREMIUM, LTD, 9219-1568 QUEBEC, INC., and JARROD BELTRAN, <br><br> Defendants. | C.A. No. 2:23-cv-483 <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF WELLCOMEMAT LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO SUPPLEMENT INFRINGEMENT CONTENTIONS**

Aylo's Opposition to WellcomeMat's Motion for Leave to Supplement Infringement Contentions (Dkt. 104) confirms that the Court should grant WellcomeMat's Motion (Dkt. 103).

## I.     WellcomeMat Was Diligent in Supplementing its Contentions.

*First*, Aylo does not dispute that WellcomeMat's Original Contentions identified the 13 disputed websites. Opp. at 4.[1] Instead, Aylo argues that it nevertheless did not receive notice that those websites were accused because they were not explicitly defined as "Accused Products." *Id.* Not so. Aylo has known that each website was accused since October 18, 2023, when WellcomeMat served its Complaint identifying each of those 13 websites as "'286 Accused Platforms." Dkt. 1 ¶ 65. Further, not only did WellcomeMat confirm that fact explicitly when Aylo asked, but WellcomeMat has identified each of the 13 websites at issue as "Accused Platforms" in every discovery request WellcomeMat served dating back to its initial February 12, 2024 requests. Exs. 12-13. WellcomeMat's Original Contentions tracked this language, identifying each website as "***the Aylo Defendants platforms***." Ex. 6 (Original Claim Chart) at 4. And Aylo does not dispute that WellcomeMat provided ***narrative descriptions*** explaining, on a limitation-by-limitation basis, how "***the Aylo Defendants platforms***" infringe, *id.* at 3–4, 10, 14, 16, 18, 20–21, 23, 25, 29–33, 35–36. While Aylo complains that WellcomeMat did not provide screenshots for each website, P. R. 3-1(c) imposes no such requirement. A narrative description is sufficient.[2]

Aylo also argues that WellcomeMat's Original Contentions are deficient for suggesting that the websites "operate in the same manner." Opp. at 5. But infringement contentions are "not

---

[1] Nor does Aylo dispute that WellcomeMat was necessarily diligent if it properly accused each of the Accused Products in its Original Contentions. Nor could it, as there is no "***obligation*** to supplement." *KAIST IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP, 2018 WL 1806765, at *3 (E.D. Tex. Apr. 17, 2018) (emphasis in original).

[2] Aylo is thus wrong that WellcomeMat's ***Amended Contentions*** are deficient for not including screenshots of six accused websites. Opp. at 7–8. (Aylo purports this number is seven, *id.*, but ignores the screenshot of Pornhub Premium, Ex. 4 (Amended Claim Chart) at 47.)

1

a forum for adjudicating the merits." Mot. at 7 n.3 (quoting *Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-RWS-JDL, 2015 WL 1774448, at *3 (E.D. Tex. Apr. 16, 2015)). Moreover, Aylo is wrong in any event. For example, Aylo argues that the websites are materially dissimilar because, while the Original Contentions "accused a feature that is part of the website's ***video player***," WellcomeMat's Amended Contentions now accuse "a separate functionality that is found ***below*** the video player." Opp. at 6-7 (emphasis in original). But the ***Original Contentions*** specifically accused functionality ***below*** the video player, as demonstrated by the ***same*** screenshot Aylo identifies in its opposition as representative of the originally accused functionality:



Ex. 6 (Original Claim Chart) at 8 (red emphasis added). To convince the Court otherwise, Aylo's opposition ***cropped the bottom half of this screenshot*** to make it appear as if WellcomeMat accused only a functionality that is part of the video player. Opp. at 6. It is tactics like these that have frustrated WellcomeMat from efficiently litigating this case. Mot at 12.³

***Second***, Aylo purports that WellcomeMat's addition of Claim 17 relies on information that could have been obtained through public sources, citing: (1) a Pornhub article (Ex. 14) and (2) an article from The Verge (Ex. 21). Opp. at 8-9. But Aylo does not dispute that the Pornhub article refers to "tags"—not "action tags" (Ex. 14 at 3)—and that Aylo has repeatedly argued that "tags"

---

³ Further, while Aylo argues that some websites are "Premium Sites" and others are "Tube Sites" and/or part of the "Pornhub Network," Opp. at 5-6, those distinctions reflect Aylo's organizational structure, marketing, and pricing—not necessarily their functionality.

are different from "action tags" (Ex. 19 at 15). Nor does Aylo dispute that directly beneath the "tag" language is a screenshot of Aylo's video manager page showing how *users* can *manually* add and modify action tags (Ex. 14 at 3), which is consistent with Aylo's other marketing materials (Ex. 15 at 16). While Aylo argues that The Verge should have clarified any ambiguity, The Verge *also* refers to "tags," not "action tags." Ex. 21 at 1-2 (explaining that Pornhub is using AI to "tag" "individual porn stars" and "specific categories [of] videos …, like 'public' and 'blonde'").

**Third**, Aylo does not dispute that WellcomeMat served its amended P. R. 3-1(f) position within two months of Aylo's NPE accusation. Opp. at 12-13. Nor does Aylo argue that two months is untimely. Instead, Aylo argues that WellcomeMat "waived" the right to assert that its own products practice the patent because, per Aylo, "[t]he Local Patent Rules do not contain any exception allowing a party to wait until after it called an NPE to assert it practices its patents." Opp. at 12. That misses the point. As this Court has held, "[t]he fact [that a patent holder] amended its infringement contentions inherently means that there are going to be changes." *Arigna Tech. Ltd. v. Volkswagen AG*, No. 2:21-CV-00054-JRG-RSP, 2022 WL 2761288, at *2 (E.D. Tex. Jan. 19, 2022). Thus, as one court has held, "[n]o rule precludes [a patentholder] from amending its contentions" to assert it practices the patent. *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 16 C 9179, 2017 WL 1862646, at *4 (N.D. Ill. May 9, 2017). That court thus granted leave where, like WellcomeMat here, the patentholder "revised its contentions promptly" well before fact discovery closed, such that the defendant will not be "unduly prejudiced." *Id*.

WellcomeMat was thus diligent in supplementing its contentions. But to be clear, contrary to Aylo's claim that good cause "*requires*" diligence, *see* Opp. at 2, this Court has squarely held: "Diligence is a *factor*, but it is *not* a threshold requirement that must be evaluated in a vacuum." *Keranos, LLC v. Silicon Storage Tech., Inc.*, No. 2:13-CV-00017-RWS-RSP, 2018 WL 574867,

3

at *2 (E.D. Tex. Jan. 26, 2018); *accord Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00715-JRG, 2019 WL 11585349, at *3 (E.D. Tex. Apr. 24, 2019). Indeed, leave should be granted if "***the balance of the four factors*** weigh in favor of allowing the amendment." *Keranos*, 2018 WL 574867, at *2. Here they do. In fact, Aylo hardly disputes the other factors.

**II.     The Amendments Are Important.**

Aylo does not dispute the importance of Claim 17 or WellcomeMat's amended P. R. 3-1(f) position. Opp. at 13–14. Aylo thus waived any argument to the contrary. *See Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-CV-00662-JRG-RSP, 2019 WL 2959568, at *3 (E.D. Tex. Apr. 18, 2019), *report and recommendation adopted*, 2019 WL 1987204 (E.D. Tex. May 6, 2019). With respect to the Accused Products, Aylo presents a conditional argument, contending that WellcomeMat's supplements are unimportant *if* WellcomeMat is correct that it was unnecessary to supplement in the first place. Opp. at 13-14. Not only does this argument tacitly concede the supplement's importance *if* WellcomeMat needed to amend, but the Court explicitly rejected this type of conditional argument in *Arigna*, explaining that contentions are important even if they merely add additional detail. 2022 WL 2761288, at *2 (rejecting argument "that the amended contentions are only important if Arigna's original contentions were wrong"); Opp. at 13.

**III.    Aylo Will Suffer No Prejudice & Does Not Argue Any Continuation Is Needed.**

Aylo does not dispute that there is "plenty of time 'to complete discovery' relating to WellcomeMat's supplement." Mot at 15. Nor could it, as fact discovery is more than ***eight months*** from closing. *Id.* at 14. Nor does Aylo dispute that its "technical materials and source code relating to its AI system(s) are relevant regardless of WellcomeMat's supplements," and thus that Claim 17 does not expand discovery in this case. *Compare* Mot. at 14, *with* Opp. at 14-15.

Instead, Aylo argues that the addition of Claim 17 is prejudicial because WellcomeMat waited to assert it, and then filed its preliminary response to Aylo's IPR petition "nearly two weeks

4

early" purportedly "to boost its argument for discretionary denial of any IPR challenging" Claim 17 and also "to foil Defendants' Motion to Stay." Opp. at 15. But Aylo's stay motion was "foil[ed]" not by Claim 17 but because Aylo cannot show "exceptional circumstances" to justify the Court departing from its "well established" practice of denying motions to stay "for the mere filing of an IPR." *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *4 (E.D. Tex. July 19, 2018). Further, WellcomeMat asserted Claim 17 as soon as it could, and Aylo cannot fault WellcomeMat for diligently filing its preliminary response early. And to be clear, any argument concerning discretionary denial is for the PTAB, not the Court.

Aylo also purports that it will suffer prejudice because WellcomeMat added websites that concern a "different feature" "that is *not* part of the website's video player but is a separate functionality found *below* the video player." Opp. at 14 (emphasis in original). Leaving aside that WellcomeMat always accused all 17 websites, and that "the issue is not whether changes exist, but whether those changes prejudice the Defendants," *Arigna*, 2022 WL 2761288, at *2, Aylo's prejudice argument misrepresents the originally accused functionality, as explained above.

Aylo next argues that WellcomeMat's amended P. R. 3-1(f) position is "highly prejudicial" because Aylo now must "review … the products' source code." Opp. at 15. But Aylo does not dispute that it demanded WellcomeMat's source code *regardless of the amendment*—arguing "such materials are doubtlessly related to the issue of damages." Mot at 14 (quoting Ex. 9 at 9). And Aylo does not dispute it has more than enough time to review the code in any event.

Finally, Aylo does not argue a continuance is necessary, Opp. at 15, and thus waived its arguments as to that factor too. *Intell. Ventures II*, 2019 WL 2959568, at *3; *Arigna*, 2022 WL 2761288, at *3.

Date: July 16, 2024                                    Respectfully submitted,


                                                            */s/Andres C. Healy*
Andres C. Healy
Washington State Bar No. 45578
ahealy@susmangodfrey.com
Matthew R. Berry
Washington State Bar No. 37364
mberry@susmangodfrey.com
John Schiltz
Washington State Bar No. 48973
jschiltz@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street Suite 3000
Seattle, WA 98101-2683
Telephone: (206) 505-3880
Facsimile: (206) 516-3883

George R. El-Khoury
New York State Bar No. 5898358
gel-khoury@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Claire Abernathy Henry
Texas State Bar No. 24053063
claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for WellcomeMat, LLC*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record via email on July 16, 2024.

/s/ *Andres C. Healy*
Andres C. Healy