IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WELLCOMEMAT, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 2:23-CV-00483-JRG-RSP |
| v. | § | |
| | § | |
| AYLO HOLDINGS S.à r.l., AYLO | § | |
| FREESITES LTD, AYLO PREMIUM, | § | |
| LTD, 9219-1568 QUEBEC, INC., and | § | |
| JARROD BELTRAN, | § | |
| | § | |
| *Defendants*. | § | |

## **MEMORANDUM ORDER**

Before the Court is the Motion for a Protective Order filed by Defendants Aylo Holdings S.à.r.l., Aylo Freesites Ltd, Aylo Premium Ltd, and 9219-1568 Quebec, Inc. **Dkt. No. 74;** Dkt. No. 93 (reply in support). Defendants request "a protective order to prevent [Plaintiff] from reusing consultants, who previously reviewed Defendants' highly confidential technical documents and source code in another case." Dkt. No. 74 at 1. Plaintiff WellcomeMat, LLC opposed the Motion with a response and supporting sur-reply brief. Dkt. Nos. 88, 98. For the reasons discussed below, the Motion is **DENIED**.

### I.     LEGAL STANDARD

The Court has the inherent power to disqualify an expert. *Koch Ref. Co. v. Jennifer L. Boudreaux MV*, 85 F.3d 1178, 1181 (5th Cir.1996). However, the Fifth Circuit has noted that disqualifying an expert is rare. *Id*. To resolve typical issues of disqualification, the Fifth Circuit has provided a two-part test. *Id*. The first question is whether it was "objectively reasonable for the first party who claims to have retained the expert to conclude that a confidential relationship existed." *Id*. (citing *Mayer v. Dell*, 139 F.R.D. 1, 3 (D.D.C. 1991)). The second question is whether

1

"any confidential or privileged information [was] disclosed by the first party to the expert." *Id*. (citing *Mayer*, 139 F.R.D. at 3). Witnesses should be disqualified only if the answer to both questions is yes. *Id*. (citing *Mayer*, 139 F.R.D. at 3). Additionally, the *Koch* court noted that courts frequently consider the public interest in allowing or not allowing an expert to testify. *Id*. The Fifth Circuit also makes clear that "the party seeking disqualification bears the burden of proving these elements." *Id*. (citing *Cordy v. Sherwin–Williams Co*., 156 F.R.D. 575, 580 (D.N.J. 1994)).

## II. ANALYSIS

### A. Messrs. Bhatia and Shinde

Defendants request that Plaintiff's source code reviewers who were used previously in a separate case[1] against Defendants be disqualified from reviewing source code in this case. Dkt. No. 74 at 9. Specifically, Defendants assert that Plaintiff's counsel used Messrs. Bhatia and Shinde to review source code in the previous litigation. *Id.* Defendants assert that despite these circumstances not being the "typical 'switching sides' case" disqualification is still warranted. *Id.* at 9. Defendants contend that the experts were in an "indirect confidential relationship with Defendants" due to signing an "acknowledgement" of the protective order entered in the previous litigation. *Id.* at 10. Further, Defendants assert that "Aylo produced and disclosed highly confidential material for these experts to review" satisfying the final prong of the *Koch* test. *Id.*

Defendants have failed to meet their burden of proving a previous confidential relationship with the experts. The Court does not find that agreeing to a protective order as an adverse party's expert in a previous litigation creates the kind of confidential relationship contemplated by *Koch*. *See Koch*, 85 F.3d at 1182. Here, Messrs. Bhatia and Shinde were adverse to Defendants and remain adverse to Defendants in this action. *See Intertrust Technologies Corp. v. Cinemark*

---

[1] *Preservation Technologies LLC v. MindGeek USA Inc.*, No. 2:17-cv-08906-DOC-JPR (C.D. Cal.)

*Holdings, Inc.*, 2020 WL 2306600, at *5 (E.D. Tex. 2020) (Gilstrap, J.); *Luminati Networks Ltd. v. UAB Tesonet*, 2019 WL 8331448, at *3 (E.D. Tex. 2019) (Gilstrap, J.).

Further the Court is unpersuaded by Defendants arguments regarding risks of what the experts might rely on from the previous litigation. Defendants have not asserted that the experts have violated the previous litigation's protective order, nor shown a substantial risk that protected information may be detrimentally used. Rather Defendants' concerns stem from "information that directly overlaps with this case" that was disclosed in the previous litigation. The Court finds that if the information from the past case is relevant, it must be disclosed in this case per the Discovery Order. If it is not relevant to this case, the Protective Order from the previous case provides sufficient protection. Regardless, the Court does not find a dispute related to this topic upon which relief should be granted.

### B. Mr. Kootsookos

Defendants attempt to impute Messrs. Bhatia and Shinde's purported disqualification to Mr. Kootsookos, who was not involved in the previous litigation. Dkt. No. 74 at 12. Defendants assert that this imputation is proper due to "[counsel for Plaintiff's] refusal to have him execute a declaration that he did not discuss PT Case confidential materials with Messrs. Bhatia and Shinde." *Id.* Defendants generally assert that the "refusal to have WellcomeMat's proposed source code reviewers attest to basic assurances" is circumstantial evidence of the perceived risks supporting Defendant's request for disqualification. Dkt. No. 74 at 12–15.

The denial of relief as to Messrs. Bhatia and Shinde applies to Mr. Kootsookos as well.

**SIGNED this 26th day of July, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

3