IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WELLCOMEMAT, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 2:23-CV-00483-JRG-RSP |
| v. | § | |
| | § | |
| AYLO HOLDINGS S.à r.l., AYLO FREESITES LTD, AYLO PREMIUM, LTD, 9219-1568 QUEBEC, INC., and JARROD BELTRAN, | § § § § § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion for Leave to Supplement Infringement Contentions filed by Plaintiff WellcomeMat, LLC. **Dkt. No. 103**; Dkt. No. 111 (reply in support). Defendants Aylo Holdings S.à r.l., Aylo Freesites Ltd., Aylo Premium Ltd., and 9219-1568 Quebec, Inc. opposed the Motion through responsive briefing. Dkt. Nos. 104, 114, 118. For the reasons discussed below, the Motion is **GRANTED**.

### I.  LEGAL STANDARD

"[A] party claiming patent infringement must serve on all parties" infringement contentions. P.R. 3-1. "Amendment or supplementation of any Infringement Contentions or Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the

1

explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the untimely amendment. *Id*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## II.   ANALYSIS

Plaintiff WellcomeMat seeks to add three items: additional supporting details, infringement contentions for dependent Claim 17, and a disclosure that Plaintiff practices the asserted claims. Dkt. No. 103 at 5.

As an initial matter, Defendants respond to the requested supplements and amendments by raising several objections to the original contentions. Dkt. No. 104 at 6–9. Ultimately, Defendants assert that the proposed amended contentions replicate the perceived flaws, contending that amendment would be superfluous. *Id.* at 10. The Court finds that Defendants' objections to the original contentions support Plaintiff's request and the Court does not otherwise find that the amended contentions replicate deficiencies such that amendment would be inefficient. Further, the Court does not find that a motion to amend is the proper forum to adjudicate whether the contentions should be stricken. The Court turns to consideration of the four factors to determine whether good cause has been shown for the amendments.

First, Plaintiff asserts that the amendments were diligently sought. Dkt. No. 103 at 12–17. Plaintiff contends that the need for amendment with regards to the additional details and Claim 17 was determined through recent discovery disclosures and that the delay is only 19 days. Dkt. No. 103 at 12–16. Defendants respond that the proposed amendments rely on information that was publicly available before the May 22 production. Dkt. No. 104 at 11, 14. For the additional details,

Defendants attempt to distinguish technical documents that were disclosed during the production and then relied upon for the proposed amendments by pointing to publicly available information which Defendants assert reflects what is encompassed by the documents. *Id.* at 11–14. Defendants further rely on Plaintiff's refusal to answer an interrogatory, regarding Plaintiff's access to the accused websites, as showing a lack of good cause for amendment. Dkt. No. 118 at 2. As for Claim 17, Defendants assert that use of the word "automatically" in publicly available documents, which Defendants contend mirrors language in Claim 17, shows that Plaintiff was not diligent. Dkt. No. 104 at 14–15.

Second, Plaintiff asserts that the amendments are important to provide additional information about how the accused products work, provide an alternate means to prove infringement, and to rebut characterization of Plaintiff as an NPE. Dkt. No. 103 at 17–18. Defendants respond that the additional nature of the amendments undermine their importance, and that Defendants' criticism of the original contentions was not an invitation to amend. Dkt. No. 104 at 16–17.

Third, Plaintiff asserts that the early stage of the case mitigates any prejudice that could be suffered by Defendants. Dkt. No. 103 at 18–19. Defendants assert that the addition of new claims and subject matter introduces prejudice due to the need for further discovery. Dkt. No. 104 at 17–18. Defendants contend specifically that, as to Claim 17, the "timing indicates an attempt to gain an unfair advantage in this litigation . . . directed at exploiting this Court's rules to try to foil Defendants' Motion to Stay." Dkt. No. 104 at 18. Defendants' argument is predicated on a finding that Plaintiff was not diligent in seeking the amendment. *Id.*

Fourth, Plaintiff asserts that a continuance is not necessary and Defendants do not contest this assertion. Dkt. No. 103 at 19; *see* Dkt. No. 104.

3

Regarding the disclosure of practicing the asserted claims, Plaintiff contends that the need for amendment arose on "April 15 when Aylo accused WellcomeMat of being an NPE." Dkt. No. 103 at 17. Plaintiff asserts that an investigation into whether they practiced the asserted claims concluded on June 10 and the ensuing request for amendment was therefore timely. *Id.* Defendants respond that Plaintiff has waived the right to rely on a representation of practicing the asserted claims pursuant to P.R. 3-1(f). Dkt. No. 104 at 15–16. Further, Defendants assert that Plaintiff should be held to its earlier position that it does not practice the asserted patents since at all times Plaintiff was in the best position to evaluate its own products. *Id.*

The Court finds that Plaintiff has adequately demonstrated diligence for the additional details and Claim 17. The potential for prejudice against Defendants is mitigated by the significantly early stage of this case. Claim construction briefing has yet to begin, fact discovery closes on February 11, 2025, and trial is set for July 7, 2025.

Regarding the additional disclosure, the Court finds that P.R. 3-1(f) does not preclude amendment, but rather the good cause analysis pursuant to P.R. 3-6(b) would be applicable. The Court finds that the relevant delay in asserting the practicing position with respect to Plaintiff's own products is from the initial disclosure until the amendment was sought. The Court is not persuaded that the earliest Plaintiff could have ascertained a need to assert this position was once it was used against them. However, the difference in resulting delay between these two reference points does not significantly tilt against a finding of good cause. And, where the only purpose of altering this position is to combat the notion that Plaintiff is an NPE, the Court finds that importance with regards to this analysis is neutral. Finally, the Court does not find that the minimal ensuing prejudice, given the early stages of this case, results in a lack of good cause to amend.

4

After weighing the factors for each of the requested amendments and supplements, Plaintiff's Motion for Leave to Supplement Infringement Contentions (Dkt. No. 103) is **GRANTED**. It is **ORDERED** that Plaintiff has leave to supplement the contentions with the identified additional details, to amend the contentions to include Claim 17, and to amend the contentions to include the patent practicing disclosures.

**SIGNED this 29th day of July, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE